**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **HOSPITALITY OPERATIONS, LLC** | § | |
| **d/b/a COMFORT INN - ORANGE** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT AMGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL

Notice is hereby given that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmGUARD Insurance Company ("AmGUARD") removes this action from the 128th Judicial District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and as grounds for removal states as follows:

### I.      STATE COURT ACTION

1.      On August 30, 2019, Plaintiff Hospitality Operations, LLC filed an Original Petition ("Petition") in the 128th Judicial District Court of Orange County, Texas, styled *Hospitality Operations, LLC, d/b/a Comfort Inn – Orange v. AmGUARD Insurance Company,* Cause No. A190352-C (the "State Court Action").[1]

2.      Plaintiff asserts claims relating to the allegedly improper denial of an insurance claim concerning alleged damage to Plaintiff's property that occurred on or about August 30,

---

[1] The Petition is contained in *Exhibit C* as a part of the State Court Action file.

2017.[2]  On the basis of these allegations, Plaintiff asserts alleged claims for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of a duty of good faith and fair dealing against AmGuard.[3]  Plaintiff seeks monetary relief over $200,000.[4]

3.     With this Notice of Removal, AmGUARD removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.     PROCEDURAL REQUIREMENTS

4.     This action is properly removed to this Court because the State Court Action is pending within this district and division (Orange County). 28 U.S.C. §§ 124(c)(2), 1441, 1446(a).

5.     This removal is timely because it is filed within thirty days of AmGUARD being served or otherwise making an appearance in the State Court Action.[5] 28 U.S.C. § 1446(b).

6.     Under 28 U.S.C. § 1446(a), attached hereto as *Exhibit C* is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7.     Under 28 U.S.C. § 1446(d), AmGUARD is contemporaneously with the filing of this Notice of Removal: (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 128th Judicial District Court of Orange County, Texas.

8.     Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**     Index of Matters Being Filed

---

[2] Petition, at ¶¶ 8-9.

[3] Petition, at ¶¶ 25-38.

[4] Petition, at ¶ 4.

[5] *See Exhibit C*, containing service of process documentation for AmGUARD.

| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court Docket Sheet |
| **Exhibit D-1** | Plaintiff's Original Petition |
| **Exhibit D-2** | Citation of Service Upon Defendant AmGUARD |
| **Exhibit D-3** | Defendant's Original Answer |
| **Exhibit E** | Additional Case Information |

### III.    DIVERSITY JURISDICTION

9.    The Court has diversity jurisdiction in this matter.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as the Defendant. Further, the amount in controversy requirement is satisfied, as shown below.

**A.    Diversity of citizenship exists between Plaintiff and Defendant.**

10.    Plaintiff is a Texas company with a principal place of business in Texas.[6]  Plaintiff is a Texas citizen for purposes of diversity jurisdiction.[7]

11.    AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania.  A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

---

[6] Petition, at ¶ 2.

[7] Petition, at ¶ 2.

---

12.     Because Plaintiff is a citizen of Texas and AmGUARD is a citizen Pennsylvania, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.      The Amount-in-Controversy requirement is satisfied.**

13.     The amount-in-controversy element is also satisfied.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000.  *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.  To determine the amount-in-controversy, a court may consider actual damages, exemplary damages, and attorneys' fees.  *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2).

14.     Here, Plaintiff specifically seeks "monetary relief over $200,000, but not more than $1,000,000."[8]  Although AmGUARD denies that Plaintiff is entitled to any damages or relief, when the requested actual damages, exemplary damages, and attorneys' fees are included in the amount-in-controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441,

---

[8] Petition, at ¶ 4.

**NOTICE OF REMOVAL**                                                              PAGE 4

and 1446.  Therefore, removal is proper.

## IV.     JURY DEMAND

16.     Plaintiff demanded a jury in the State Court Action.

## V.     REQUEST FOR RELIEF

17.     For these reasons, Defendant AmGUARD Insurance Company removes this action from the 128th Judicial District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

By:*/s/ Susan A. Kidwell*
    Susan A. Kidwell
    skidwell@lockelord.com
    Texas State Bar No. 24032626
      *Attorney-in-Charge*
    Eric Boylan
    eric.boylan@lockelord.com
    Texas State Bar No. 24105519
    600 Travis Street, Suite 2800
    Houston, Texas 77002
    (713) 226-1200 (Telephone)
    (713) 223-3717 (Facsimile)

***Attorneys for Defendant AmGUARD Insurance Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on October 9, 2019 the following parties or counsel in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

**VIA E-SERVICE**
Jason M. Byrd
THE BYRD LAW FIRM, P.C.
jason@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035

***Attorney for Plaintiff***

*/s/ Eric Boylan*
Eric Boylan